

THE ATTORNEY GENERAL.

OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
W XXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable S. R. Allen
County Attorney
Hamilton County
Hamilton, Texas

Opinion No. 0-6462
Re: (1) Authority of Commis-
sioners' Court to
determine whether
county officers shall
be on fee or annual
salary basis at time
other than at its
first regular meet-
ing in January.

(2) Maximum compensation
of sheriff of Hamilton

Dear Sir:
County.

We are in receipt of your letter of recent date
requesting the opinion of this department on the above
stated matters. We quote from your letter as follows:

"In a recent opinion from your department
addressed to me, same being Opinion No. 0-6432
Re: Compensation of the Sherrif of Hamilton
County, among other things, you referred to
Section 2 of Article 3912e, Vernon's Annotated
Civil Statutes, which is as follows:

"'In counties having a population
of less than twenty thousand (20,000)
inhabitants according to the last pre-
ceding federal census, it shall likewise
be the duty of the Commissioners' Court,
by its order duly made and entered of
record at its first regular meeting in
January of each calendar year, to deter-
mine whether county officers of such
county (excluding county surveyors,
registrars of vital statistics and notary
publics) shall be compensated on the
basis of fees earned by them in the
performance of their official duties,
and it shall also be the duty of the
county clerk to forward to the Comp-
troller of Public Accounts of the
State of Texas, on or before the 31st

day of January, a certified copy of
said order of said Commissioners'
Court.'"

"The Commissioners' Court and the Sheriff of
this County have requested me to secure an opinion
from your department whether it is mandatory that
the order of the Commissioners' Court referred to
and which is required by said Section to be passed
at the first regular meeting in January of each
calendar year, must be passed at said time or
whether it might be passed at a later date in the
year. Also (2) at what sum the court authorized
to fix such salary?

"It is insisted by the Sheriff and recognized
by the Commissioners' Court that the compensation
of the Sheriff's office in this county, based on
fees and the $1,000.00 allowed as ex-officio is
inadequate for the amount of work to be done by
that office and the responsibility involved, but
are at a loss to know how he can legally be com-
pensated, this county being governed by the fee
system.

"We would greatly appreciate your opinion
with reference to same."

A portion of the provisions of Section 2, Article
3912e, V.A.C.S. is quoted above in your letter.

Section 15, Article 3912e, V.A.C.S., in part,
provides:

"The Commissioners' Court in counties having
a population of less than twenty thousand (20,000)
inhabitants, according to the last preceding Fed-
eral Census at the first regular meeting in January
of each calendar year, may pass an order providing
for compensation of all county and precinct officers
on a salary basis. The Commissioners' Court in
each of such counties is hereby authorized, and
it shall be its duty, to fix the salaries of
Criminal District Attorneys. In the event such
Court passes such order they shall pay to each of
said District and County officers in money an
annual salary in twelve (12) equal installments
of not less than the total sum earned as compensa-
tion by said officer in his said official capacity

for the fiscal year of 1935 and not more than the
maximum allowed such officer under laws existing
August 24th, 1935, . . . ."

Article 3898, V.A.C.S., in part, provides:

"The fiscal year, within the meaning of this
Act, shall begin on January 1st of each year; and
each district, county and precinct officer shall
file his report and make the final settlement re-
quired in this Act not later than February 1st of
each year; provided, however, that officers re-
ceiving an annual salary as compensation for their
services shall, by the close of each month, pay
into the Officers' Salary Fund or funds, all fees,
commissions and compensation collected by him dur-
ing said month. . . . ."

Under the provisions of Article 3898, the fis-
cal year of a county begins on January 1st of each year.
We think that it was contemplated by the provisions of
Section 2, Article 3912e, that during the month of January,
the commissioners' court should have determined whether
the designated county officers would be compensated on
a fee or salary basis, whereby said officers could account
for and dispose of the fees of office accordingly, in the
manner provided in Article 3898. When the commissioners'
court has determined that county officers shall be paid
on an annual salary basis, we think that it was contemplated
that such annual salary should be paid for the fiscal year,
beginning January 1st, in twelve equal installments. We
do not think it was within the contemplation of this Act
that county officers should be compensated on a fee basis
for a part of a year, and, for the remaining portion of
said year, be compensated on a salary basis. If it were
determined that county officers should be paid on the basis
of an annual salary, in any month later than January of
any fiscal year, it would be impossible to comply with
those provisions as to fixing salaries on an annual basis
and paying same in twelve equal installments for that fis-
cal year.

After carefully considering all of the pertinent
statutory provisions, it is the opinion of this department
that the provisions of Section 2, Article 3912e are man-
datory in effect, and we find no authority for a commis-
sioners' court to determine whether county officers shall
be paid on a fee or salary basis, at any time other than
at its first regular meeting in January of each year.

With reference to the maximum compensation of the sheriff of Hamilton County, when the county operates on a fee basis, we refer you to Opinion No. 0-6432, addressed to you, wherein it was pointed out that the maximum amount of ex officio compensation which he could be allowed is One Thousand Dollars ($1,000.00) per year, and such ex officio compensation as he may receive, together with the fees that he is entitled by law to retain, shall not exceed the sum of Three Thousand Dollars ($3,000.00) per year. As to the compensation the sheriff may receive, when it has been determined in the manner provided by law, that county officers in said county shall be paid on the basis of an annual salary, the minimum salary of the sheriff is an amount not less than that earned by the sheriff of said county in his official capacity for the fiscal year 1935; and the maximum salary that he may be allowed is an amount not exceeding the maximum amount allowed such officer under laws existing August 24, 1935 ($3,000.00).

Trusting that the foregoing fully answers your inquiries, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:ddt